UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MITSUWA CORPORATION, d/b/a Mitsuwa Marketplace,<br><br>Defendant. | Civil Action No.: 2:09-CV-04733<br><br>(ES)(CLW)<br><br>**CLOSED** |

## CONSENT DECREE

This action was brought on September 14, 2009 by Plaintiff Equal Employment Opportunity Commission (EEOC) against Defendant Mitsuwa Corporation (Defendant) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* (Title VII) and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981 A. EEOC alleged that Defendant, a supermarket chain, discriminated against a class of Hispanic employees at Mitsuwa's Edgewater, New Jersey store based on their national origin by compensating them at lower rates than non-Hispanic employees who were almost all Asian. Defendant filed an Answer to the Complaint in which Defendant denied all substantive allegations and all liability in this action, and does not admit to any discrimination or any liability for discrimination by this settlement.

EEOC and Defendant desire to settle this action in order to (a) avoid the cost, effort, and uncertainty associated with continued litigation, and (b) resolve fully and finally all claims that have been brought in this action, and therefore stipulate to the entry of this Consent Decree as final and binding between the parties, Defendant's parent organizations, successors, assigns, subsidiaries, affiliates, purchasers, and any other corporation or other entity into which Defendant may merge or with which Defendant may consolidate.

The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree and approved or ordered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## A. GENERAL PROVISIONS

1. This Decree resolves all allegations raised in the Complaint filed by EEOC in this action, Civil Action Number 2:09-CV-04733, and in the underlying charge of discrimination filed with EEOC, Charge No. 524-2007-00100. This Decree in no way affects EEOC's right to process any other pending or future charges that have been or may be filed against Defendant and EEOC's right to commence civil actions on any such charges as EEOC sees fit.

2. The Court has jurisdiction over the subject matter and the parties to this action, venue is proper, and all administrative prerequisites have been met.

3. The Court will retain jurisdiction over this action for the duration of this Decree for all purposes, including but not limited to the application, interpretation or enforcement of any of the provisions of this Decree and entering of all orders and judgments as necessary to implement the relief provided herein. Accordingly, in the event of any dispute between Defendant and EEOC concerning the application, meaning or enforcement of any provision of this Decree (including, without limitation, the provisions of Paragraphs 11 and 12 below), either party may, upon Motion to the Court, request an appropriate order interpreting and/or enforcing the terms and provisions of this Decree.

4. Defendant will not contest the validity of this Decree or the jurisdiction of the United States District Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit or proceeding on the breach of any term of this Decree by Defendant.

5. Unless specifically noted otherwise, this Decree relates only to Defendant's Edgewater, New Jersey store and its employees.

6. Before any merger, sale, consolidation, transfer of ownership or corporate reorganization, Defendant will provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of Defendant's business, or a purchaser of all or a portion of Defendant's assets, and to any other potential purchaser, successor, assign, subsidiary, affiliate, or any other corporation or other entity with which Defendant may merge or consolidate.

### B. INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

7. Defendant is enjoined from discriminating against any individual on the basis of national origin in failing or refusing to hire or in discharging and is enjoined from discriminating against any employee on the basis of national origin with respect to compensation, terms, conditions or privileges of employment.

8. Defendant is enjoined from retaliating against Charging Party, the Claimants, or any other employees or applicants because he or she has opposed any unlawful employment practice or because he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

### C. POLICIES AND PROCEDURES

9. Defendant has implemented and will maintain written policies and procedures prohibiting employment discrimination, including: (a) written policies and procedures prohibiting discrimination based on national origin and retaliation; (b) disciplinary policies for employees, supervisors and managers who engage in prohibited discrimination or retaliation; and (c) written

3

policies and procedures that prohibit discrimination in employees' starting compensation and wage increases and that set forth objective, non-discriminatory criteria to be used by management in setting the initial starting salary for all new employees and for assessing all raises for employees.

10. Within 7 business days of the entry of this Decree, Defendant will distribute a copy of the written policies and procedures to all employees at its Edgewater, New Jersey store. Within 7 business days of their start date, Defendant will distribute a copy of the written policies and procedures to all new employees of its Edgewater, New Jersey store. Additionally, Defendant will post and maintain during the term of this Decree a copy of those written policies and procedures in a prominent place within the administrative offices of each of its stores.

## D. APPOINTMENT OF EQUAL EMPLOYMENT INDEPENDENT MONITOR

11. Defendant appoints Cara Levinson as an Equal Employment Opportunity Compliance Officer ("Compliance Officer"). The Compliance Officer has: (a) experience in human resources, (b) knowledge of federal laws prohibiting employment discrimination, and (c) experience in compensation reviews. In the event the Compliance Officer's relationship with Mitsuwa ends, Defendant shall promptly appoint a replacement Compliance Officer who must be approved in advance by EEOC, which approval will not be unreasonably withheld or conditioned, and who will meet the criteria set forth above in clauses (a) through (c). The Compliance Officer will have oversight of Defendant's day-to-day activities in:

    a. promoting Defendant's compliance with anti-discrimination laws, Defendant's policies and procedures prohibiting employment discrimination (including discrimination in compensation), harassment and retaliation, and this Decree;

    b. arranging for training of all employees as required by this Decree;

    c. ensuring that all notices and postings required by this Decree are issued and maintained as required by this Decree;

    d. receiving, investigating and resolving reports, complaints and allegations of national origin discrimination (including but not limited to compensation discrimination), harassment and retaliation. The Compliance Officer will be responsible for overseeing investigations into such reports, complaints and allegations, including

   recommending to Mitsuwa's chief executive officer appropriate remedial relief to employees whom she finds have been subjected to national origin discrimination (including compensation discrimination), harassment or retaliation. The Compliance Officer will ensure that investigations are done in a manner that complies with federal anti-discrimination laws and this Decree and that reports, complaints and allegations of discrimination and retaliation are resolved in a manner that complies with federal anti-discrimination laws and this Decree;

 e. maintaining records required by anti-discrimination laws and by Paragraphs 9-10 and 15-21 of this Decree and forwarding reports and records to EEOC as required by this Decree; and

 f. regularly attending training and taking other steps, including membership in professional organizations, to keep abreast of developments in federal anti-discrimination laws.

 12. Twelve months after the entry of this Decree, and every twelve months thereafter, the Compliance Officer will conduct a review of the work performed and wages paid to its New Jersey workforce from and after the date of this Decree, with employees listed by national origin to the extent reported by employees. For those employees hired after the date of this agreement who do not identify their national origin in their New Employee Data Record at the time that they submit that form, Mitsuwa will within 30 days of hiring such employee mail a letter to such employee at the address listed on the New Employee Data Record in the form of Exhibit A. The letter will be sent in English, Spanish and Japanese. The Compliance Officer will then prepare a report incorporating all findings in this review and, if required to ensure against unlawful discrimination in the way Defendant compensates its employees following the date of this Decree, recommend wage adjustments to Mitsuwa's chief executive officer. Defendant will provide the EEOC with her report. The purpose of the review and report is to compare wages for persons who designate themselves as Hispanic employees against similarly-situated non-Hispanic employees and determine whether, and to otherwise ensure that, Defendant's compensation system complies with Title VII. Defendant will provide the Compliance Officer with all documents and information requested in order to perform this annual review. If Defendant disputes any of the Compliance Officer's recommendations on wage adjustments, Defendant will notify EEOC in writing within 14 business days of issuance of the Compliance

Officer's report. If the parties are unable to resolve the issue of implementation of the Compliance Officer's wage adjustment recommendations, the parties will present such issue to the Court pursuant to the provisions of paragraph 29 of this Decree.

13. Defendant will give its full cooperation to the Compliance Officer in the performance of the Compliance Officer's responsibilities under this Decree and will pay all costs, fees and expenses of the Compliance Officer. Defendant will give the Compliance Officer full access to Defendant's officers, managers, supervisors, forepersons, employees, and documents and records related to the performance of the Compliance Officer's responsibilities under this Decree. Defendant and its officers, managers, supervisors and forepersons will immediately inform the Compliance Officer of any complaints, allegations, reports or suspected incidents of national origin discrimination, national origin harassment or retaliation.

14. Within 14 business days of the entry of this Decree, Defendant will establish and maintain a dedicated telephone number, answered by the Compliance Officer, for reporting suspected employment discrimination complaints including national origin discrimination, harassment or retaliation.

### E. TRAINING

15. Defendant will provide 4 hours of anti-discrimination training, including training regarding federal laws prohibiting national origin discrimination and retaliation, with an emphasis on the prohibition of discrimination in compensation, to all employees in the New Jersey store. The training sessions will be conducted by Cara Levinson. This training will explain and answer questions about federal laws prohibiting national origin discrimination, including compensation discrimination and Defendant's policy prohibiting discrimination. The training will also cover the terms and requirements of this Decree. Each training session will be conducted simultaneously in English and Spanish and will be open to each employee in the New Jersey store regardless of which language the employee speaks. Mitsuwa will provide translators to Japanese,

6

Chinese, and Korean speakers at the training session. Mitsuwa will provide EEOC with not less than 10 business days prior written notice of the date, place and time of each training session.

16. Defendant will provide 8 hours of anti-discrimination training, including training regarding federal laws prohibiting national origin discrimination and retaliation, for all its management personnel at the New Jersey store and for any other managers and other employees wherever located, including but not limited to members of Defendant's Personnel Department in Torrance, California, who have direct involvement in decisions on compensation for Defendant's New Jersey employees. This training will be conducted in English and, if necessary, in Japanese. This training will emphasize the issue of how to make non-discriminatory compensation decisions, including both for the determination of starting salaries and the determination of employee raises. The training will also cover the terms and requirements of this Decree. The training sessions will be conducted by Cara Levinson.

17. Defendant will maintain attendance sheets or records which include, but are not limited to, the dates of attendance, name of attendees, identity of instructor, and agendas for all trainings, and will furnish a copy of the attendance sheets along with a copy of a then-current employee roster to EEOC within 14 business days of each training.

18. At least 28 business days before any training session, Defendant will provide EEOC with written notice of the date, time, and location of the scheduled training. EEOC may attend any training session.

## F. NOTICES AND POSTINGS

19. Within 7 business days of the entry of this Decree, Defendant will conspicuously post and maintain in its offices in all places where employee notices are posted, a copy of the Notice of Lawsuit and Settlement, written in English, Spanish, Japanese, Chinese and Korean in the form and with the content specified in Exhibit B, annexed to this Decree.

20. Defendant will post EEO posters in places visually accessible to applicants and employees of Defendant as required by federal regulations.

21. Within 7 business days of the entry of this Decree, Defendant will distribute a letter from the Edgewater, New Jersey's store manager to all employees stating Defendant's commitment to compliance with federal anti-discrimination laws, including as those laws apply to the prohibition against discrimination based on national origin in compensation, written in English, Spanish, Japanese, Chinese and Korean. The letter is attached as Exhibit C and will be distributed to employees simultaneously with the written policies and procedures. Within 7 days of their starting date, Defendant also will provide a copy of this letter to new employees.

## G. MONETARY RELIEF

22. Within 7 days of receiving EEOC's Payment Allocation Notice (as defined below in this Paragraph) Defendant will pay a total of Two Hundred Fifty Thousand dollars (the Settlement Amount), which will be allocated as follows: Two Hundred Five Thousand dollars ($205,000.00) in backpay and Forty Five Thousand dollars ($45,000.00) in compensatory relief in full and final settlement of all claims that have been or that could have been brought in this action. The term "EEOC's Payment Allocation Notice" means a written notice signed by EEOC and addressed to Defendant that (a) specifies the portion of the Settlement Amount that is for emotional distress compensation (the "Emotional Distress Award") and the portion of the Settlement Amount that is for back pay (the "Back Pay Award"), and (b) allocates by individual Claimant's name (including address) and amount the Emotional Distress Award and the Back Pay Award among the individual Claimants in this action. Upon receipt from claimants of a signed release waiving all claims related to pay discrimination included in the claims alleged in EEOC's complaint in EEOC v. Mitsuwa Corporation, 2:09-CV-04733, Defendant will comply with EEOC's Payment Allocation Notice by

signing and mailing payments in accordance with the notice, including by using the respective addresses identified therein.

23. From the amount for backpay, Defendant will make appropriate withholdings for any applicable federal, state or local income taxes and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act (FICA). Defendant will make any applicable employer contribution for Social Security taxes pursuant to the Federal Insurance Contribution Act (FICA) and will not deduct such contributions from this settlement. From the amount for compensatory damages, Defendant will not make any deductions.

24. Within 28 days of entry of this Decree, Defendant will implement wage increases to Claimants who are current employees. Claimants who are current Mitsuwa employees hired before 2011 will receive a 5.4% increase. Claimants who are current Mitsuwa employees hired any time from January 1, 2011 to the present will receive a 4.4% increase. A list of such Claimants covered by this paragraph is attached hereto as Exhibit D (filed under seal). EEOC contends that these raises are necessary to redress discriminatory compensation against Hispanic employees. In order to resolve this dispute, Mitsuwa has agreed to implement these wage increases.

## I. MONITORING

25. EEOC may monitor Defendant's compliance with the terms of this Consent Decree by inspecting Defendant's premises, copying records that bear upon Defendant's compliance with this Decree, and interviewing employees regarding complaints of discrimination, investigation of the complaints, and results of the investigation. EEOC shall provide Defendant not less than 7 days' prior written notice of EEOC's desire to inspect Defendant's premises for any purpose permitted by this Decree.

26. All materials required to be provided to EEOC by Defendant under this Decree will be sent to Jeffrey Burstein, Trial Attorney, Equal Employment Opportunity Commission,

Newark Area Office, One Newark Center, 21st Floor, Newark, New Jersey 07102-5233 and via email to decreemonitor.nydo@eeoc.gov.

## J. DURATION

27. This Decree will remain in effect for 3 years from the date of entry. This case may be administratively closed but will not be dismissed. The Decree will expire by its own terms at the end of that period, without further action required by the parties or the Court, unless the duration of this Decree has been extended.

28. This Decree will not expire while any enforcement action concerning this Decree is pending.

29. In accordance with the provisions of 28 U.S.C. §636(c), the parties voluntarily consent to jurisdiction before Magistrate Judge Cathy L. Waldor for purposes of any and all further proceedings in this case after the entry of judgment by the District Court. The parties will jointly apply to the Court for an Order pursuant to 28 U.S.C. §636(c) consenting to Magistrate Judge Waldor's jurisdiction over disputes under the Decree.

SO ORDERED, ADJUDGED AND DECREED this 15th day of April, 2013.

_____
Hon. Esther Salas, U.S. District Court Judge

APPROVED IN FORM AND CONTENT:

FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


_____          Dated: 04/10/2013
ELIZABETH GROSSMAN
Regional Attorney
New York District Office
33 Whitehall Street
New York, NY 10004
(212) 336-3696
elizabeth.grossman@eeoc.gov


_____          Dated: 04/10/2013
RAECHEL ADAMS
Supervisory Trial Attorney
New York District Office
33 Whitehall Street
New York, NY 10004
(212) 336-3707
raechel.adams@eeoc.gov


_____          Dated: 04/10/2013
JEFFREY BURSTEIN
Senior Trial Attorney
One Newark Center, 21st Floor
Newark, NJ 07102
(973) 645-2267
jeffrey.burstein@eeoc.gov


_____          Dated: 4/10/2013
JADHIRA RIVERA
Trial Attorney
One Newark Center, 21st Floor
Newark, NJ 07102
(973) 645-6025
jadhira.rivera@eeoc.gov

**FOR DEFENDANT MITSUWA CORPORATION**

_____   Dated: 26 March 2013

CHARLES VALENTE
Attorney for Mitsuwa Corp.
Krasnow Saunders Cornblath
　Kaplan & Beninati, LLP
500 North Dearborn St., 2nd Floor
Chicago, Illinois 60654
312-755-5700

_____   Dated: 3/18/13

BRUCE BAILEY, PRESIDENT
Mitsuwa Corporation

# EXHIBIT A

# [Letter to employees who do not designate their national origin on employment forms]

Dear _____:

When you submitted your New Employee Data Record to Mitsuwa, you did not designate your national origin. We respect your right of privacy, and you need not designate national origin. However, if this was an oversight and you wish to designate your national origin, please come to the store office and let us know. We wil lgive you your New Employee Data Record, and you may make a designation.

Yours very truly,
MITSUWA CORPORATION
Administrative Office

_____
Store Manager

# EXHIBIT B

## NOTICE TO ALL EMPLOYEES OF MITSUWA CORPORATION

This notice to all employees of Mitsuwa Corporation in Edgewater, N.J. ("Mitsuwa") is being posted as part of a Consent Decree with the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"). EEOC's lawsuit claimed that Mitsuwa discriminated against employees of Hispanic origin in their compensation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Title VII prohibits discrimination based on national origin, sex, race, color, and religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment. Employees are also protected from retaliation for complaining about unlawful discrimination or for otherwise opposing unlawful discriminatory conduct.

Under the Consent Decree, Mitsuwa cannot discriminate against anyone because of their national origin, and will not take any action against employees because they have exercised their rights under the law by filing charges or cooperated with EEOC or by otherwise opposing employment practices made unlawful under Title VII. Mitsuwa must implement, maintain and distribute written policies and procedures prohibiting discrimination in compensation. Mitsuwa must provide training for all Edgewater, New Jersey employees and managers regarding federal laws prohibiting employment discrimination. Mitsuwa must post the EEO poster on federal anti-discrimination laws. In addition, Mitsuwa must pay monetary damages to claimants in the lawsuit. EEOC will monitor compliance with the Consent Decree.

If you have an employment discrimination complaint, you may contact:

Equal Employment Opportunity Commission
One Newark Center, 21st Floor
Newark, NJ 07102
(800) 669-4000

You also may contact Mitsuwa's Compliance Officer under the Consent Decree, Cara Levinson, at **[phone number to be provided by Mitsuwa upon posting]**

This NOTICE will remain posted until _____, 2016.

SIGNED this ___ day of _____, 2013.

_____
Name:
Title:

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED, DEFACED OR COVERED BY ANY OTHER MATERIAL**

# EXHIBIT C

TO: All Employees

I am writing to set forth Mitsuwa's commitment to compliance with federal anti-discrimination laws, including those laws that prohibit discrimination based on national origin in the compensation of employees. It is the policy of Mitsuwa Corporation not to discriminate based on national origin, race, color, religion, or sex in hiring or setting compensation or other terms, conditions or privileges of employment.

Please report any allegations of discrimination to Cara Levinson, the Compliance Officer, at [**phone number to be provided by Mitsuwa before mailing**]. The Compliance Officer has the authority to receive, investigate, and resolve all claims of national origin discrimination (including but not limited to compensation discrimination), harassment, and retaliation and is responsible for overseeing investigations into such reports, complaints and allegations, including recommending to Mitsuwa's chief executive officer appropriate remedial relief to employees whom she finds have been subjected to national origin discrimination (including compensation discrimination), harassment, or retaliation. The Compliance Officer will ensure that investigations are done in a manner that complies with federal anti-discrimination laws and the consent decree entered into between Mitsuwa and EEOC and that reports, complaints, and allegations of discrimination and retaliation are resolved in a manner that complies with federal anti-discrimination laws and the consent decree.

Yours very truly,

MITSUWA CORPORATION

_____
Store Manager